IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE THARPE and KATELYNN PARRISH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:26-cv-01063-STA-jay |
| UNITED STATES OF AMERICA d/b/a UNITED STATES POSTAL SERVICE, JOHN DOE I and JOHN DOE II, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER TO SHOW CAUSE

This is an action for personal injuries under the Federal Tort Claims Act. Plaintiffs Andre Tharpe and Katelynn Parrish filed suit on March 24, 2026, and caused summons to issue the same day. No other docket activity has occurred in the case since that time. Federal Rule of Civil Procedure 4(c)(1) requires a plaintiff to serve summons with a copy of a complaint on each defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(c)(1); *Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) ("Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint."). Plaintiff therefore had 90 days from March 24, 2026, in which to serve Defendant with process, that is, no later than June 22, 2026. To date, Plaintiffs have not filed proof to show that they have ever served Defendants with a summons and the Complaint within that deadline. Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.").

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action

1

without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Dismissal is mandatory unless the plaintiff shows good cause for the failure to serve; if he does, then the Court must extend the time for service. *Id*. "Establishing good cause is the responsibility of the [plaintiff] and necessitates a demonstration of why service was not made within the time constraints." *Garner v. City of Memphis*, 576 F. App'x 460, 463 (6th Cir. 2014) (quoting *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir. 2006)). "Inadvertent failure or half-hearted efforts to serve" do not satisfy the good-cause standard. *Id*. (quoting *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir. 1991)).

Therefore, Plaintiffs are ordered to show cause as to why this case should not be dismissed for failure to effect service pursuant to Rule 4(m). Plaintiffs' show cause response is due on or before June 30, 2026. Failure to respond by that date will be deemed good grounds to dismiss Plaintiffs' claims against Defendants without prejudice pursuant to Rule 4(m).

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 23, 2026

2